# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Information associated with all Google accounts that, during the time period described below, were accessed from a mobile device located in the geographic regions, more fully described in Attachment A. | Case No. 21-822M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   March 25, 2021   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Honorable Nancy Joseph  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   March 11, 2021  @ 1:35 p.m.     *[signature: Nancy Joseph]*
                                                                         *Judge's signature*

City and state:   Milwaukee, WI                     Hon. Nancy Joseph, U.S. Magistrate Judge
                                                                         *Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property To Be Searched

This warrant is directed to Google LLC and applies to:

(1) Location History data, sourced from information including GPS data and information about visible wi-fi points and Bluetooth beacons transmitted from devices to Google LLC, reflecting devices that Google LLC calculated were or could have been (as indicated by margin of error, *i.e.,* "maps display radius") located within the geographical region bounded by the latitudinal and longitudinal coordinates, dates, and times below ("Initial Search Parameters"); and

(2) Identifying information for Google LLC Accounts associated with the responsive Location History data.

## Initial Search Parameters

- Date: February 23, 2021
- Time Period: 12:25AM to 12:35AM (CST)
- Target Location:   Geographical area identified as:
  (1) 43° 5'24.51"N, 88° 0'30.44"W;

  (2) 43° 5'29.01"N, 88° 0'30.48"W;

  (3)  43° 5'29.74"N, 88° 0'27.88"W;

  (4) 43° 5'24.52"N, 88° 0'27.74"W

  Also approximately depicted using the following image:



Google LLC is further ordered to disclose the above information to the Government within 10 days of the issuance of this warrant.

# ATTACHMENT B

## Particular Items to Be Seized

I. **Information to be disclosed by Google LLC**

The information described in Attachment A, via the following process:

1. Google LLC shall query location history data based on the Initial Search Parameters specified in Attachment A. For each location point recorded within the Initial Search Parameters, and for each location point recorded outside the Initial Search Parameters where the margin of error (*i.e.*, "maps display radius") would permit the device to be located within the Initial Search Parameters, Google LLC shall produce to the government information specifying the corresponding unique device ID, timestamp, location coordinates, display radius, and data source, if available (the "Device List").

2. The government shall review the Device List and identify to Google LLC the devices about which it seeks to obtain Google LLC account identifier and basic subscriber information. The government may, at its discretion, identify a subset of the devices.

3. Google LLC shall disclose to the government identifying information, as defined in 18 U.S.C. § 2703(c)(2), for the Google LLC Accounts associated with each device ID appearing on the Device List about which the government inquires.

II. **Information to Be Seized**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 844(i) (arson), involving unknown persons.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Information associated with all Google accounts that, during the time period described below, were accessed from a mobile device located in the geographic regions, more fully described in Attachment A. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 21-822M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 USC Section 1513(b)(2) | Retaliating Against a Witness, Victim or an Informant |

The application is based on these facts:
See attached Affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of ___ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

BRADLEY KURTZWEIL
Digitally signed by BRADLEY KURTZWEIL
Date: 2021.03.11 10:47:01 -06'00'

*Applicant's signature*

Special Agent Bradley Kurtzweil, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: March 11, 2021

*Judge's signature*

City and state: Milwaukee, WI

Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Bradley Kurtzweil, being first duly sworn, hereby depose and state as follows:

## BACKGROUND

1. I am a Special Agent of the United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), currently assigned to the Milwaukee Field Office. I have been so employed since March 2020. My duties as a Special Agent with ATF include investigating alleged violations of the federal firearms, explosives, and arson statutes.

2. I have completed approximately 26 weeks of training (approximately 1000 hours) at the Federal Law Enforcement Training Center (Glynco, Georgia), as well as the ATF National Academy. That training included various legal courses related to Constitutional Law as well as search and seizure authority. Additionally, I have received training on how to conduct various tasks associated with criminal investigations, such as interviewing, surveillance, and evidence collection.

3. Prior to my employment with the ATF, I was a sworn Police Officer in the State of Illinois from March 2011 to March 2020. I completed 12 Weeks (approximately 480 hours) of basic training at the Illinois State Police Academy from April 2011 to June 2011.

4. My most recent position as a Police Officer, prior to my employment with ATF, was with the Bolingbrook Police Department in Bolingbrook, IL. While employed by the Bolingbrook Police Department, I was a Patrol Officer from December 2012 until March 2020. From July 2017 until March 2020, I also served as an Evidence Technician, assigned to Patrol. During my time in Bolingbrook, I received 8 Written Recognitions and 2 Commendations.

5. During my career as a Police Officer, I attended approximately 520 hours of additional training in areas including: Evidence collection, interview/interrogation, arson and explosives, gang investigations and drug investigations.

6. The facts contained in this affidavit are known to me through my personal knowledge, training, and experience, and through information provided to me by other law enforcement officers, who have provided information to me during the course of their official duties and whom I consider to be truthful and reliable.

7. Based upon the information described below, I submit that probable cause exists to believe that persons unknown, may have committed the crime of Retaliating Against a Witness, Victim, or an Informant, in violation of Title 18, United States Code, Section 1513(b)(2). I further submit there is also probable cause to search the information described in Attachment A for evidence of these crimes, further described in Attachment B.

8. I submit this affidavit for the limited purpose of demonstrating sufficient probable cause for the requested warrant. It does not set forth all of my knowledge about this matter.

## BACKGROUND RELATING TO GOOGLE LLC AND RELEVANT TECHNOLOGY

9. Based on my training and experience, I know that cellular devices, such as mobile telephones, are wireless devices that enable their users to send or receive wire and/or electronic communications using the networks provided by cellular service providers. Using cellular networks, users of many cellular devices can send and receive communications over the Internet.

10. I also know that many devices, including but not limited to cellular devices, have the ability to connect to wireless Internet ("wi-fi") access points if the user enables wi-fi connectivity. These devices can, in such cases, enable their users to send or receive wire and/or electronic communications via the wi-fi network. A tablet such as an iPad is an example of a

2

device that may not have cellular service but that could connect to the Internet via wi-fi. Wi-fi access points, such as those created through the use of a router and offered in places like homes, hotels, airports, and coffee shops, are identified by a service set identifier ("SSID") that functions as the name of the wi-fi network. In general, devices with wi-fi capability routinely scan their environment to determine what wi-fi access points are within range and will display the names of networks within range under the device's wi-fi settings.

11. Based on my training and experience, I also know that many devices, including many cellular and mobile devices, feature Bluetooth functionality. Bluetooth allows for short-range wireless connections between devices, such as between a device such as a cellular phone or tablet and Bluetooth-enabled headphones. Bluetooth uses radio waves to allow the devices to exchange information. When Bluetooth is enabled, a device routinely scans its environment to identify Bluetooth devices, which emit beacons that can be detected by devices within the Bluetooth device's transmission range, to which it might connect.

12. Based on my training and experience, I also know that many cellular devices, such as mobile telephones, include global positioning system ("GPS") technology. Using this technology, the device can determine its precise geographical coordinates. If permitted by the user, this information is often used by apps installed on a device as part of the apps' operation.

13. Based on my training and experience, I know Google LLC is a company that, among other things, offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Nearly every device using the Android operating system has an associated Google LLC account, and users are prompted to add a Google LLC account when they first turn on a new Android device.

14. In addition, based on my training and experience, I know that Google LLC offers numerous apps and online-based services, including messaging and calling (*e.g.,* Gmail, Hangouts, Duo, Voice), navigation (Maps), search engine (Google LLC Search), and file creation, storage, and sharing (*e.g.*, Drive, Keep, Photos, and YouTube). Many of these services are accessible only to users who have signed in to their Google LLC accounts. An individual can obtain a Google LLC account by registering with Google LLC, and the account identifier typically is in the form of a Gmail address (*e.g.*, example@gmail.com). Other services, such as Maps and YouTube, can be used with limited functionality without the user being signed in to a Google LLC account.

15. Based on my training and experience, I also know Google LLC offers an Internet browser known as Chrome that can be used on both computers and mobile devices. A user has the ability to sign-in to a Google LLC account while using Chrome, which allows the user's bookmarks, browsing history, and other settings to be uploaded to Google LLC and then synced across the various devices on which the subscriber may use the Chrome browsing software, although Chrome can also be used without signing into a Google LLC account. Chrome is not limited to mobile devices running the Android operating system and can also be installed and used on Apple devices and Windows computers, among others.

16. Based on my training and experience, I know that, in the context of mobile devices, Google LLC's cloud-based services can be accessed either via the device's Internet browser or via apps offered by Google LLC that have been downloaded onto the device. Google LLC apps exist for, and can be downloaded to, devices that do not run the Android operating system, such as Apple devices.

17. According to my training and experience, as well as open-source materials published by Google LLC, I know that Google LLC offers accountholders a service called "Location History," which authorizes Google LLC, when certain prerequisites are satisfied, to collect and retain a record of the locations where Google LLC calculated a device to be based on information transmitted to Google LLC by the device. That Location History is stored on Google LLC servers, and it is associated with the Google LLC account that is associated with the device. Each accountholder may view their Location History and may delete all or part of it at any time.

18. Based on my training and experience, I know that the location information collected by Google LLC and stored within an account's Location History is derived from sources including GPS data and information about the wi-fi access points and Bluetooth beacons within range of the device. Google LLC uses this information to calculate the device's estimated latitude and longitude, which varies in its accuracy depending on the source of the data. Google LLC records the margin of error for its calculation as to the location of a device as a meter radius, referred to by Google LLC as a "maps display radius," for each latitude and longitude point.

19. Based on open-source materials published by Google LLC and my training and experience, I know that Location History is not turned on by default. A Google LLC accountholder must opt-in to Location History and must enable location reporting with respect to each specific device and application on which they use their Google LLC account in order for that usage to be recorded in Location History. A Google LLC accountholder can also prevent additional Location History records from being created at any time by turning off the Location History setting for their Google LLC account or by disabling location reporting for a particular

device or Google LLC application. When Location History is enabled, however, Google LLC collects and retains location data for each device with Location Services enabled, associates it with the relevant Google LLC account, and then uses this information for various purposes, including to tailor search results based on the user's location, to determine the user's location when Google LLC Maps is used, and to provide location-based advertising. As noted above, the Google LLC accountholder also has the ability to view and, if desired, delete some or all Location History entries at any time by logging into their Google LLC account or by enabling auto-deletion of their Location History records older than a set number of months.

20. Location data, such as the location data in the possession of Google LLC in the form of its users' Location Histories, can assist in a criminal investigation in various ways. As relevant here, I know based on my training and experience that Google LLC has the ability to determine, based on location data collected and retained via the use of Google LLC products as described above, devices that were likely in a particular geographic area during a particular time frame and to determine which Google LLC account(s) those devices are associated with. Among other things, this information can indicate that a Google LLC accountholder was near a given location at a time relevant to the criminal investigation by showing that his/her device reported being there.

21. Based on my training and experience, I know that when individuals register with Google LLC for an account, Google LLC asks subscribers to provide certain personal identifying information. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because

6

the information can be used to identify the account's user or users. Based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, this information often provide clues to their identity, location, or illicit activities.

22. Based on my training and experience, I also know that Google LLC typically retains and can provide certain transactional information about the creation and use of each account on its system. This information can include the date on which the account was created, the length of service, records of login (*i.e.,* session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, Google LLC often has records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

## **PROBABLE CAUSE**

23. On December 6, 2019, at approximately 4:31am, the Milwaukee Fire and Police Departments responded to a structure fire located at 2537-2541 North Martin Luther King (MLK) Drive in Milwaukee, Wisconsin. The fire department subsequently extinguished the fire, but the building was severely damaged as a result of the fire.

24. The structure was a two-story commercial building that housed a Metro PCS store (2537 North MLK Drive) and Hair Fantasys Salon (2541 North MLK Drive) on the first floor. The building also housed a vacant unit on the second floor (2539 North MLK Drive).

25. The owner of Hair Fantasys Salon is S.K.

7

26. The Milwaukee Fire Department requested that the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) assist in the investigation.

27. During the excavation of the fire scene, investigators located a stone weighing about 18 pounds, directly on the floor near a swivel salon chair. The stone was approximately 15 feet west of the front window.

28. Additional excavation of the fire scene revealed remnants of rags directly on the floor located immediately northeast of the stone under insulation, as well as remnants of a duffel or backpack next to the rags. The duffel or backpack contained retail advertisements and a red plastic container. The rags, duffel/backpack, and red container all emitted a strong odor consistent with presence of petroleum distillate. Further excavation of the salon revealed glass directly on the floor near the northeast corner of the salon.

29. The ATF Forensic Laboratory analyzed collected items from paragraph 28 and determined all three items contained gasoline.

30. Based on the information available to the investigators and after the examination of the fire scene, reviewing witness statements, laboratory results, and examining surveillance videos, CFI Agent Hankins, as well as the other investigators, determined that the fire originated in the Hair Fantasys salon as a result of the intentional ignition of ignitable liquid by open flame.

31. Vashti Davis was identified as a possible suspect, due to a history of conflict between Davis and S.K. Additionally, on the date of the Arson, S.K. had a public altercation with Marquis Moffett, a friend of Davis'.

32. After the fire destroyed S.K.'s Salon, she reopened the salon at a new location, 7600 W Capitol, Milwaukee, WI.

33. S.K. reported to law enforcement that on February 22, 2021 she had an altercation with Vashti Davis at a bar on the south side of Milwaukee. S.K. stated Davis fled in a white Lincoln sedan after the altercation.

34. Following the altercation with Davis, between 12:27am and 12:31am on February 23, 2021, unknown individual(s) shot into S.K.'s new salon. Responding Officers recovered 20 bullet casings, 1 unfired bullet and 1 bullet fragment in the parking lot of Hair Fantasys and the Walgreens' drive through, which is next door.

35. Review of surveillance video from the Walgreens indicated two vehicles, a white sedan and a dark colored sedan were used to transport multiple offenders involved in the shooting to and from the Hair Fantasys location on Capitol Dr.

# ATTACHMENT A

## Property To Be Searched

This warrant is directed to Google LLC and applies to:

(1) Location History data, sourced from information including GPS data and information about visible wi-fi points and Bluetooth beacons transmitted from devices to Google LLC, reflecting devices that Google LLC calculated were or could have been (as indicated by margin of error, *i.e.,* "maps display radius") located within the geographical region bounded by the latitudinal and longitudinal coordinates, dates, and times below ("Initial Search Parameters"); and

(2) Identifying information for Google LLC Accounts associated with the responsive Location History data.

## Initial Search Parameters

- Date: February 23, 2021
- Time Period: 12:25AM to 12:35AM (CST)
- Target Location: Geographical area identified as:
  (1) 43° 5'24.51"N, 88° 0'30.44"W;

  (2) 43° 5'29.01"N, 88° 0'30.48"W;

  (3) 43° 5'29.74"N, 88° 0'27.88"W;

  (4) 43° 5'24.52"N, 88° 0'27.74"W

  Also approximately depicted using the following image:



Google LLC is further ordered to disclose the above information to the Government within 10 days of the issuance of this warrant.

11

# ATTACHMENT B

## Particular Items to Be Seized

**I.    Information to be disclosed by Google LLC**

The information described in Attachment A, via the following process:

1.    Google LLC shall query location history data based on the Initial Search Parameters specified in Attachment A. For each location point recorded within the Initial Search Parameters, and for each location point recorded outside the Initial Search Parameters where the margin of error (*i.e.*, "maps display radius") would permit the device to be located within the Initial Search Parameters, Google LLC shall produce to the government information specifying the corresponding unique device ID, timestamp, location coordinates, display radius, and data source, if available (the "Device List").

2.    The government shall review the Device List and identify to Google LLC the devices about which it seeks to obtain Google LLC account identifier and basic subscriber information. The government may, at its discretion, identify a subset of the devices.

3.    Google LLC shall disclose to the government identifying information, as defined in 18 U.S.C. § 2703(c)(2), for the Google LLC Accounts associated with each device ID appearing on the Device List about which the government inquires.

**II.    Information to Be Seized**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 844(i) (arson), involving unknown persons.